GISKAN SOLOTAROFF & ANDERSON LLP
Catherine E. Anderson
Oren Giskan (*pro hac pending*)
90 Broad Street, 2nd Floor
New York, NY 10004
Telephone: (212) 847-8315

DEBLASE BROWN EYERLY LLP
Patrick DeBlase (*pro hac pending)*
680 South Sante Fe Avenue
Los Angeles, CA 90021
Telephone: (310) 575-9955
Facsimile: (310) 575-9919
deblase@dbelegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILBERT PURCELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHUBB LTD, and FEDERAL INSURANCE COMPANY<br><br>Defendants. | No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Gilbert Purcell ("Plaintiff" or "Mr. Purcell"), individually and on behalf of all others similarly situated, brings this action against Defendants Chubb Ltd and its subsidiary Federal Insurance Company (collectively, "Chubb" or "Defendants"). Plaintiff alleges the following based on information and belief, the investigation of counsel, and personal knowledge.

I.      INTRODUCTION

1.      This action concerns Chubb Ltd, through its subsidiaries including Federal Insurance Company, displaying false numerical percentage discounts for homeowners insurance

1

policies that Chubb promised applied to Mr. Purcell's and others' insurance premiums for Chubb's insurance policies but that Chubb did not in fact apply.

2. In July 2022, Chubb sent Mr. Purcell its "Masterpiece" policy renewal ("Renewal") regarding a homeowners and valuable articles insurance policy ("Policy") that Mr. Purcell had previously purchased from Chubb. The Renewal enumerated discounts, by specific numeric percentages, that, because Mr. Purcell "took action," would apply to the price of Chubb's Policy for the period August 26, 2022, to August 26, 2023. The Renewal represented that the original, undiscounted price of Chubb's Policy was $60,078, but that after receiving the enumerated discounts, the aggregate discounted price of Chubb's Policy was $35,849. The deadline to renew Chubb's Policy was August 26, 2022.

3. As expressly directed by Chubb in the Renewal, Mr. Purcell sought clarification from Chubb through an agent regarding the pricing and application of discounts. Even after repeated communications with Chubb, the agent did not know, and could not explain, the pricing and discount application in the Renewal. To avoid a lapse in insurance coverage, and on the advice of his agent, Mr. Purcell paid the premium as represented by Chubb just prior to the August 26, 2022 deadline, while his agent continued to communicate with Chubb regarding the actual dollar value of the discounts. To the extent his premium was miscalculated, Mr. Purcell expected to recoup any overpayment to Chubb in the form of a refund. Although communications between Chubb and Mr. Purcell's agent continued, at no point did Chubb provide any explanation or clarity.

4. Had Chubb applied the discounts at the percentages promised to the undiscounted cost of the premium in the Renewal, Plaintiff's renewed premium would have cost no more than $30,616, and possibly far less, as opposed to $35,849.

5. Through this class action, Plaintiff, on behalf of the class, alleges that Chubb's practice of promising discounts in its policy renewals and then not properly applying those discounts is an unlawful, unfair, and deceptive practice, a breach of contract, and fraudulent business practice. To further its deceptive practices, Chubb does not provide a complete copy of the entire policy, instead sending a scattershot gathering of non-consecutively paginated documents, rather than the "new policy to review" promised.

6. This class action seeks damages, disgorgement, restitution, equitable relief, reformation, and any other available remedies for persons or entities that purchased or renewed an insurance policy provided by Chubb after Chubb communicated to those consumers such discounts.

## II.     PARTIES

7. Plaintiff Gilbert Purcell is a citizen of California, and a resident of the city of Sausalito.

8. Defendant Chubb Ltd is a Swiss corporation with its principal place of business in Zurich, Switzerland. Chubb Ltd's United States headquarters is located in Warren, New Jersey. It owns subsidiaries, directly and indirectly, that issue, among other things, property insurance in all fifty states and in other United States jurisdictions and territories.

9. Defendant Federal Insurance Company is a subsidiary of Chubb Ltd that provides property insurance in all fifty states and in other United States jurisdictions and territories. Federal Insurance Company is incorporated in Indiana and its principal place of business is in Whitehouse Station, New Jersey.

### III.     JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) in that this is a class action in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs; there are more than 100 class and subclass members nationwide; and at least one member of the putative class and subclass is a citizen of a different State than at least one of the Defendants.

11.     This Court has personal jurisdiction over the parties because Defendants both maintain headquarters in this state, conduct substantial business in this state, have systematic and continuous contacts with this state, and have agents and representatives that can be found in this state.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Defendants are resident of this judicial district, and do business throughout this District.

### IV.     FACTUAL ALLEGATIONS

13.     Plaintiff Gilbert Purcell resides in the home he owns in Sausalito, California. Since 2011, Mr. Purcell has insured that home, the surrounding property, and personal items kept on the property through a homeowners insurance policy purchased from Defendant Chubb Ltd, issued through its subsidiary, Defendant Federal Insurance Company.

14.     To maintain coverage, Mr. Purcell must renew Chubb's Policy annually. Each year, prior to the date by which Chubb's Policy is set to expire, Chubb sends Mr. Purcell a policy renewal form.

15.     In July 2022, Chubb sent Mr. Purcell a Renewal to provide homeowners insurance for the period August 26, 2022, through August 26, 2023. The deadline to renew Chubb's Policy was August 26, 2022. The Renewal enumerated specific discounts, by numeric

percentages, that Chubb said applied to its Policy for the period August 26, 2022, to August 26, 2023. The Renewal represented that the original, undiscounted price of Chubb's Policy was $60,078, but, because Mr. Purcell "took action," the final discounted price of its Policy was instead $35,849. Specifically, the Renewal listed discounts by the following percentage amounts, in addition to other discounts not associated with any percentage amount:

    a.    14% "for taking steps toward superior protection";

    b.    10% "because you also insure your automobile(s) with Chubb";

    c.    10% "since your owned residence has no mortgage or lien"

    d.    10% "for having a residential sprinkler system";

    e.    7.5% "because you also insure your valuable articles with Chubb";

    f.    7.5% "for being a long-time customer along with your loss history"; and

    g.    5% "for personally paying your premium in full, in one initial payment, at least once in the past five years."

16.    The Renewal neither gave the dollar amounts by which each discount reduced the price of Chubb's Policy nor gave any other indication how these percentage discounts were applied, including the sequence in which Chubb applied the discounts, to reduce the Policy premium.

17.    Chubb at no point provided a complete copy of the entire policy, instead sending a scattershot gathering of non-consecutively paginated documents, rather than the "new policy to review" that it had promised, hindering communications about Chubb's Policy.

18.    Mr. Purcell sought clarification from Chubb through an experienced, sophisticated agent regarding the pricing and application of discounts. Even after repeated communications with Chubb, the agent did not know, and could not explain, the pricing and discount application in the Renewal. To avoid a lapse in insurance coverage, and on agent

advice, Mr. Purcell paid the premium as represented by Chubb prior to the August 26, 2022 deadline, while his agents continued efforts to communicate with Chubb regarding the actual dollar value of the discounts. Mr. Purcell expected to recoup any overpayment to Chubb in the form of a refund. Although communications between Chubb and Mr. Purcell's agent continued, at no point did Chubb provide any clarity. Representatives of Chubb would not, and stated that it could not, provide an explanation.

19.     When the discounts represented in the Renewal are applied to the undiscounted "cost," the price of the premium should be thousands of dollars less than the premium charged by Chubb and paid by Mr. Purcell. Nevertheless, Chubb applied the Renewal price to Mr. Purcell's Policy. If Chubb had applied the discounts at the percentages promised to the undiscounted cost of the premium in the Renewal, Mr. Purcell's renewed Policy would have cost no more than $30,616, and possibly far less, as opposed to the $35,849 he paid Chubb for the policy renewal.

20.     Chubb regularly represented false numeric percentage discounts for its homeowners insurance policies in order to induce customers to purchase or renew these policies and did not apply the represented promised discounts.

## V.     NEW JERSEY'S SUBSTANTIVE LAW APPLIES TO THE PROPOSED CLASS

21.     New Jersey's substantive laws apply to the proposed class and subclass, as defined herein.

22.     New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiff and the putative class under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution. New Jersey has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiff and all putative

class members, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair.

23. Defendants' United States headquarters and principal places of business are located in New Jersey. Defendants also conduct substantial business in New Jersey and, therefore, New Jersey has an interest in regulating Defendants' conduct under its laws. Defendants' decisions to reside in New Jersey and avail itself of New Jersey's laws renders the application of New Jersey law to the claims herein constitutionally permissible.

24. On information and belief, Defendants' alleged misconduct emanated from New Jersey.

25. Defendants' conduct injured and affected Plaintiff and putative class members.

26. The application of New Jersey's laws to the putative class also is appropriate under New Jersey's choice-of-law rules because New Jersey has significant contacts to the claims of Plaintiff and the putative class, and New Jersey has a greater interest in applying its laws here than in any other interested state.

## VI. CLASS ACTION ALLEGATIONS

27. This action is brought, and may be properly maintained, as a class action under Rule 23 of the Federal Rules of Civil Procedure. All requisite elements of Fed. R. Civ. P. 23(a) and 23 (b)(3) are satisfied; there is a well-defined community of interests in the litigation; the proposed class and any subclasses are ascertainable; and a single class action is the superior manner to proceed when compared to the joinder of potentially tens of thousands of individual cases challenging the same practices.

**The National Class**

28. Plaintiff brings this class action on behalf of himself and, under the provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, as a class action on behalf of the following National Class:

> All persons or entities in the United States and its Territories that purchased or renewed an insurance policy provided by Defendant, directly or through a subsidiary, for which Defendants failed to apply promised discounts.

**The California Subclass**

29. Plaintiff alleges statewide class action claims on behalf himself and the following state subclass:

> All persons or entities in California that purchased or renewed an insurance policy provided by Defendant, directly or through a subsidiary, for which Defendants failed to apply promised discounts.

30. The National Class, California Subclass, and their putative members are referred to herein as the "Class" or the "Classes."

31. The Class Periods for the Classes date back to the longest applicable statutes of limitations for any claims asserted on behalf of the Classes from the date this action was commenced and continues through the present and to the date of judgment.

32. Excluded from the Classes are Defendant, its current employees, co-conspirators, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; the undersigned counsel for Plaintiff; and the Judge and Court staff to whom this case is assigned. Plaintiff reserves the right to amend the definition of the Class or Subclass if discovery or further investigation reveals that they should be expanded or otherwise modified.

33. This action satisfies the numerosity, commonality, predominance, typicality, adequacy, superiority, and all other requirements of Rule 23 of the Federal Rules of Civil Procedure.

- Numerosity: The members of the Classes are so numerous that joinder of all members is impracticable. The precise number of members is unknown at this time, but Defendant Chubb Ltd has disclosed that it issues 62,000 "local policies" annually. In 2021, Defendant Chubb Ltd earned a net income of $8,540,000,000. The precise number of Class members can be ascertained by reviewing Defendants' records.

- Commonality and Predominance: Common question of law and fact exist as to all members of the Classes, and predominate over any questions that affect only individual members of the Classes. Plaintiff's claims and the claims of the proposed Class members all derive from a common nucleus of operative facts. That is, irrespective of the individual circumstances of any proposed Class member, liability in this matter will rise and fall with core issues related to Defendants' conduct. Common legal and factual questions include, but are not limited to, the following:

    (1) Whether, during the class period, Chubb failed to apply represented specific numeric percentage discounts in full to the undiscounted prices of its policies;

    (2) Whether, during the class period, the undiscounted prices communicated to Class members by Chubb were the prevailing market prices for comparable insurance policies;

(3) Whether Chubb's sales or renewals of insurance policies were the result of an unconscionable commercial practice, deception, fraud or misrepresentation, with intent that consumers rely on such, in violation of New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2;

(4) Whether Chubb made false, misleading, or misrepresented statements of fact about the existence of, or amounts of, price reductions, in violation of New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2;

(5) Whether Chubb defrauded the Class by making false, misleading, or misrepresented statements of fact about the existence of, or amounts of, price reductions, in violation of New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2;

(6) Whether Chubb's failure to provide the advertised discounts breached its contracts with Plaintiff and the Class;

(7) Whether Chubb's conduct constituted acts of "unfair competition" under California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code 17200, *et seq.*

(8) Whether Chubb's conduct was "fraudulent" or "deceptive" under California's Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code 17200, *et seq.*

(9) Whether the Class has suffered damages as a result of Chubb's actions, and if so, the measure and amount of such damages; and

(10) Whether injunctive and/or declaratory relief is appropriate.

- <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Classes. Plaintiff and all Class members were subjected to Chubb's common business practices, described above, and assert common legal claims that are typical of those of the Class and each subclass. Plaintiff and members of the Class and subclasses have sustained damages arising out of Chubb's wrongful and deceptive conduct as alleged herein. Resolution of the common issues presented in Plaintiff's cases will resolve them in a common and typical manner for other members of the Classes.

- <u>Adequacy</u>: Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the Classes and he seeks to represent; he has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously in the best interests of the Classes. The interests of the Classes will be fairly and adequately protected by Plaintiff and counsel.

- <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is economically infeasible and procedurally impracticable. Furthermore, the expense and burden of individual litigation make it difficult or impossible for members of the Classes to individually redress the wrongs done to them. Individual members of the Classes do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation presents the potential for inconsistent or contradictory judgments. There will be no difficulty in the management of this class action. A

class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

34. The classes should also be certified under Fed. R. Civ. P. 23(b)(2). Chubb has acted or refused to act on grounds generally applicable to the Classes, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes.

35. In the alternative, the Classes may be certified under Fed. R. Civ. P. 23(c)(4) with respect to particular issues.

## VII.   CLAIMS FOR RELIEF

### COUNT I
### Violation of the New Jersey Consumer Fraud Act

36. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

37. Plaintiffs and the Class are consumers within the meaning of the New Jersey Consumer Fraud Act ("CFA").

38. Plaintiff and the Class relied upon advertisements created or utilized by Defendants, because "the term 'advertisement' shall include the attempt directly or indirectly by publication, dissemination, solicitation, indorsement or circulation or in any other way to induce directly or indirectly any person to enter or not enter into any obligation or acquire any title or interest in any merchandise or to increase the consumption thereof or to make any loan." N.J.S.A. 56:8-1(a).

39. Plaintiff and the Class purchased "merchandise" from Defendants, defined to "include any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale." N.J.S.A. 56:8-1(c).

40. Defendants are in the business of selling merchandise. "The term 'sale' shall include any sales, rental or distribution, offer for sale, rental or distribution or attempt to directly or indirectly to sell, rent or distribute." N.J.S.A. 56:8-1(e).

41. Defendants have engaged in deceptive practices within the meaning of the CFA, in violation of N.J.S.A. 56:8-2, by (a) engaging in an intentional scheme that deceives consumers into purchasing insurance policies because of listed pricing and discounts that are false and fabricated, (b) intentionally advertising insurance policies with false, fabricated and fraudulent pricing details for the purpose of selling or renewing homeowners insurance policies, (c) misrepresenting discounts on insurance policies in order to procure sales or renewals, and (d) otherwise concealing accurate pricing in Chubb's sale and/or advertisement of merchandise (insurance policies).

42. Defendants intended that Plaintiff and the Class would rely on the misrepresentations, deceptions and fraud so that Plaintiff and the Class would purchase or renew insurance policies from Defendants.

43. The foregoing acts, misrepresentations and failures to disclose caused ascertainable loss to Plaintiff and the Class, namely, the purchase of policies (a) on the basis of purported discounts that were not accurately applied to the original pricing, thereby not receiving the advertised discount, and/or (b) that have a lesser value than the price at which they were purchased.

44. At all relevant times, Defendants conducted trade and commerce in New Jersey within the meaning of the CFA.

45. On information and belief, Defendants' deceptive scheme was designed and implemented in New Jersey.

46. As a consequence of Defendants' violation of the CFA, Plaintiff and the Class are entitled to a refund of all moneys Defendants acquired by means of Chubb's unlawful practices, pursuant to N.J.S.A. 56:8-2.11 and 12, as well as any and all penalties pursuant to N.J.S.A. 56:8-13.

47. As a consequence of Chubb's violation of the CFA, Plaintiff and the Classes are entitled to threefold the damages sustained, injunctive relief against Chubb ordering them to cease Chubb's violations of N.J.S.A. 56:8-2, as well as reasonable attorneys' fees, filing fees and the reasonable costs of this suit. N.J.S.A. 56:8-19.

48. The statute of limitations runs from the later of the six-year period immediately preceding filing of this Complaint or the date Chubb first employed its scheme to deceive, misrepresent or otherwise omit material facts in selling the insurance policies at issue, pursuant to N.J.S.A. § 2A:14-1.

## COUNT II
### Unjust Enrichment

49. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

50. In the alternative to Count I, Chubb has been unjustly enriched by its deceptive and fraudulent practices.

51. Plaintiff and the Class conferred a benefit on Chubb by paying money to Chubb for the purchase or renewal of those policies.

52. The circumstances are such that it would be unjust and inequitable for Chubb to retain the benefit that it unjustly received from Plaintiff and the Class.

53. Plaintiff and the Class are entitled to recover or recoup damages from Chubb as a result of the unjust enrichment.

## COUNT III
## Breach of Contract

54. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

55. Through promising discounts, Chubb offered for sale or renewal insurance policies at a certain percentage below the original, undiscounted price. These promised discounts are contractually binding when a customer purchases the policy offered.

56. In fact, Plaintiff and the Class did not receive the promised discount or reduction, because, unbeknownst to Plaintiff and putative Class members, the final purchase price did not reflect the undiscounted price less the promised percentage discounts.

57. Plaintiff and the Class members have been damaged in that they agreed to purchase insurance policies at a greater discount than they, in fact, received from Chubb.

## COUNT IV
## Violation of California's Unfair Competition Law ("UCL")
## Cal. Bus. Prof. Code 17200, *et seq.*
## (On Behalf of the California Class Only)

58. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

59. The UCL prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue, or misleading advertising...."

60. Chubb is a "person" under Cal. Bus. Prof. Code §17201.

61. Chubb violated the UCL by its misconduct alleged herein.

62. Chubb's conduct was fraudulent or deceptive in that: Chubb either (1) falsely inflated the values of its insurance policies by soliciting and enticing purchases, including

renewals, that represented that the undiscounted value of its policies were higher than they actually were, or (2) Chubb promised discounts that it did not in fact apply to the undiscounted premiums, or (3) both. Such conduct constituted unlawful, unfair, and fraudulent business practices. These practices were likely to deceive a reasonable consumer, and the information regarding the true value of the insurance policy would be material to a reasonable consumer.

63. Further, Chubb's conduct was unfair under in violation of the UCL because Chubb failed to correct this practice when notified, and refused to provide an explanation as to why Plaintiff's Renewal provided false information regarding the undiscounted price of Chubb's Policy and/or the percentages to be discounted from that price.

64. Chubb further violated the unfairness prong of the UCL because the acts and practices set forth in the Complaint caused harm to consumers that greatly outweighed any benefits associated with those practices. Chubb's conduct has also impaired competition within the insurance market and has prevented Plaintiff and the Class from making fully informed decisions about whether to purchase Chubb's insurance policies and/or the price to be paid to purchase such policies.

65. Plaintiff and the Class relied on Chubb's intentional misrepresentations and omissions in purchasing insurance policies from Chubb.

66. The promised discounts were material terms of Chubb's communications and solicitations to customers.

67. Plaintiffs and the Class have suffered injuries in fact, including the loss of money, as a result of Chubb's unfair, unlawful, and/or deceptive practices. As set forth in the herein, Chubb misrepresented the amount of discount Plaintiff and the Class would receive with the intention that Plaintiff and the Class rely on those misrepresentations. Had the Plaintiffs and

Class known the truth—that Chubb had not and would not apply the discounts promised in its renewal solicitations—they would not have purchased its insurance policies or paid as much for them.

68. All of the wrongful conduct alleged herein occurred in the conduct of Chubb's businesses. Chubb's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated due to Chubb's failure to cease the practice of misrepresenting the discounts to be applied to the original prices of premiums.

69. As a direct and proximate result of Chubb's unlawful, unfair, and deceptive practices, Plaintiff and the Class is entitled to restitution.

70. Plaintiff and the Class request that this Court enter such orders or judgments as may be necessary to enjoin Chubb from continuing its unfair practices, and any other available equitable and injunctive relief.

## PRAYER FOR RELIEF

71. Plaintiffs, on behalf of themselves, the National and California Classes ("the Classes"), respectfully request that the Court:

   a. Certify the Classes pursuant to Fed. R. Civ. P. 23 and appoint Plaintiff and his counsel to represent the Classes pursuant to Fed. R. Civ. P. 23(g);

   b. Award Plaintiff and the Classes compensatory and other damages, including disgorgement and interest accrued on disgorged profits, and civil penalties, as allowable by law;

   c. Award Plaintiff and the Classes pre-judgment and post-judgment interest as allowable by law;

d. Require Defendants to provide full complete policies with all renewals, consecutively and comprehensively paginated, including a calculation of discounts applied, unless a customer opts out of such provision;

e. A declaration that Defendants have violated the New Jersey Consumer Fraud Act, been unjustly enriched at the expense of Plaintiff and the National Class, committed fraud in Defendants' dealings with Plaintiff and the National Class, breached Defendants' contracts with Plaintiffs and members of the National Class, and violated the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act;

f. Enjoining Defendants from continuing to violate the New Jersey Consumer Fraud Act and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act;

g. Enjoining Defendants from cancelling policies of Class members on account of participation in this action and the remedies to be obtained hereby;

h. Award Plaintiff and the Classes reasonable attorneys' fees and costs as allowable by law;

i. Award Plaintiff and the Classes all appropriate equitable relief; and

j. Award Plaintiff and the Classes all such further relief as allowable by law and equity.

**JURY TRIAL DEMANDED**

Plaintiff, on behalf of themselves and the Classes, demand a trial by jury on all issues so triable.

Dated: January 10, 2023
      New York, New York

GISKAN SOLOTAROFF & ANDERSON LLP

/s/ Catherine E. Anderson
Catherine E. Anderson
Oren Giskan (*pro hac pending*)
90 Broad Street, 2nd Floor
New York, NY 10004
Telephone: (212) 847-8315

DEBLASE BROWN EYERLY LLP
Patrick DeBlase (*pro hac pending*)
680 South Sante Fe Avenue
Los Angeles, CA 90021
Telephone: (310) 575-9955
Facsimile: (310) 575-9919
deblase@dbelegal.com

Attorneys for Plaintiff and the Proposed Classes