1  RICHARD B. GOETZ (Bar No. 115666)
   rgoetz@omm.com
2  ZOHEB P. NOORANI (Bar No. 253871)
   znoorani@omm.com
3  ANDREW M. LEVINE (Bar No. 313419)
   andrewlevine@omm.com
4  JESSICA A. SNYDER (Bar No. 329602)
   jsnyder@omm.com
5  O'MELVENY & MYERS LLP
   400 South Hope Street, 18th Floor
6  Los Angeles, California 90071
   Telephone:   (213) 430-6000
7  Facsimile:   (213) 430-6407

8  Attorneys for Defendant FEDERAL INSURANCE
   COMPANY

(*Additional counsel listed on signature page*)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERT PURCELL, individually and on behalf of all others similarly situated, | Case No. 3:23-cv-04927-JD |
| Plaintiff, | **STIPULATED ESI PROTOCOL** |
| v. | |
| FEDERAL INSURANCE COMPANY, et al., | Judge: Hon. James Donato<br>Courtroom 11<br>Complaint filed: January 10, 2023 |
| Defendants. | |

Plaintiff Gilbert Purcell ("Plaintiff") and Defendants Federal Insurance Company ("Federal"), Chubb Group Holdings Inc. ("Chubb Group Holdings"), and Chubb INA Holdings Inc. ("Chubb INA Holdings"), by and through their respective counsel, hereby stipulate that they shall be governed by the terms and conditions concerning the production of electronically-stored information ("ESI") as set forth in this Stipulated ESI Protocol ("Protocol"):

1. This Protocol applies to the ESI provisions of Federal Rules of Civil Procedure ("Rule" or Rules") 16, 26, 33, 34, and 37, and, insofar as it relates to ESI, this Protocol applies to Rule 45 in all instances where the provisions of Rule 45 are the same as, or substantially similar to, Rules 16, 26, 33, 34, or 37. As used herein, the words "Party" or "Parties" include Plaintiff and Defendants, as well as their employees or agents, and may include any related person or entity that is served with a subpoena in this action pursuant to Rule 45. Nothing contained herein modifies Rule 45 and, specifically, the provision of Rule 45(d)(2)(B) regarding the effect of a written objection to inspection or copying of any or all of the designated documents. Moreover, nothing in this Protocol shall be deemed to place any document produced hereunder to be within the receiving Party's possession, custody, or control for purposes of that Party's obligations under Rule 34.

**Definitions**

2. In this Protocol, the terms listed below have the following meanings:

   a. "Metadata" means (i) information embedded in a Native File, including, but not limited to, the information identified in Appendix "A," that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system; and (iii) information created by the processing of a file into the format used by a reviewable database (e.g., BegBates, BegAttach). Metadata is a subset of ESI.

b.  "Native File(s)" means ESI in the electronic format of the application in which such ESI is normally created, viewed, and/or modified.  Native Files are a subset of ESI and may include information identified in Appendix "A."

c.  "Static Image(s)" means a representation of ESI produced by converting a Native File, including, but not limited to, the information identified in Appendix "A," into a standard image format capable of being viewed and printed on standard computer systems.  In the absence of agreement of the Parties or Order of the Court, a Static Image should be provided in Tagged Image File Format (TIFF or .TIF files).  All TIFF-formatted documents will be single page, Group 4 TIFF at 300 x 300 dpi resolution and 8.5 x 11 inch page size, except for documents requiring different resolution or page size.  Alternatively, if a TIFF or .TIF file cannot be created, then the Static Image should be provided in Portable Document Format (PDF).  If load files or OCR text files (Optical Character Recognition files) were created in the process of converting Native Files to Static Images, or if load files may be created without undue burden or cost, Opticon and .dat load files shall be produced together with Static Images as set forth below.

d.  "Load File" means the file necessary to load data into a reviewable database.  A Load File can, for example, specify what individual pages belong together as a document, what attachments are included with a document, where a document begins and ends, and what Metadata is associated with a document.  Documents shall be produced in only one image load file throughout the productions, unless that document is noted as being a replacement document in the Replacement field of the data load file.

3.  The provisions set forth in this Stipulated ESI Protocol including Appendix A shall govern the production of ESI.

**Preservation of Metadata**

4.  The parties agree that they will preserve all Metadata relating to the documents to be produced in this action.

**Form of Production of Email**

5.  All non-privileged, responsive email shall be produced as Static Images in accordance with the definitions set forth above including full text extracts and the Metadata

1  equivalent to the categories listed in Appendix A, to the extent the Metadata is available.  If any
2  Metadata is not produced with the Static Images, the parties agree to meet and confer, and if the
3  non-producing party identifies a need for certain Metadata, the Metadata will be produced at that
4  time (to the extent the Metadata is available).  If any email is produced with redactions for
5  privilege, a party may provide text generated by OCR software as opposed to text extracted
6  directly from the file.

7        6.      Emails shall be produced in a format that makes clear which documents are in the
8  same family (including which documents are attachments to which emails).

9        7.      If any member of an email family is responsive and not privileged, all members of
10 that family shall be produced except that wholly privileged family members may be withheld.

**Form of Production for Other ESI**

12       8.      Unless redactions are required to protect privileged material or remove sensitive
13 content, the Parties will produce the following file types in native file format whether they
14 constitute attachments to emails or standalone files:  PowerPoints, Excel spreadsheets, Microsoft
15 Access files, and audio/video files in native file format.  All other ESI (whether standalone or part
16 of a family) shall be produced as Static Images in accordance with the terms and definitions set
17 forth above including full text extracts (or OCR text for ESI produced with redactions) and the
18 Metadata equivalent to the categories listed in Appendix A, to the extent the Metadata is
19 available.  If any Metadata is not produced with the Static Images, the parties agree to meet and
20 confer, and if the non-producing party identifies a need for certain Metadata, the Metadata will be
21 produced at that time (to the extent the Metadata is available).

22       9.      A Party may also request that a document originally produced in Static Image
23 format pursuant to this Protocol be produced in native file format if the Static Image version
24 suffers from material, adverse formatting changing or omits responsive content.  A Party shall not
25 unreasonably refuse such a request for production in native.  When ESI is produced as Native
26 Files pursuant to this Protocol, or as a result of other agreement among the Parties, it shall be
27 produced as described below.

10. Each Native File produced will be renamed at the file level with a Bates number. The Bates number shall be the default unique document identification number. The Bates number will be populated in the Bates Begin and Bates End Metadata fields. As set forth herein, the Bates Begin and Bates End Metadata fields shall be included within the production as separate Metadata fields within the Data ("DAT") Load File. Each Native File's original filename will be included in the FILE NAME Metadata field.

**Form of Production for Databases**

11. To the extent a response to discovery requires production of ESI contained in a database, in lieu of producing the database, the parties shall meet and confer about a set of queries to generate a report in a usable and exportable electronic file (e.g., Excel or CSV format). Upon review of the reports the requesting party may make reasonable requests for specific data from identified fields.

**Form of Production for Paper**

12. The parties shall produce paper documents as Static Images after scanning in such information electronically. To the extent practicable, documents shall be scanned sequentially in the order in which the files were kept. Distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be unitized for scanning purposes in the same way in which they are maintained in the usual course of business or personal recordkeeping). TIFF images of paper files shall be accompanied with text files using OCR software customarily used within the electronic discovery industry. Paper files shall also be produced with a subset of the metadata fields set forth in Attachment A. Those fields are: BegDoc, EndDoc, BegAttach, EndAttach, Custodian, and Confidentiality.

**Collection, Search, and Review Methodology**

13. The Parties agree to meet and confer regarding the sources of materials that will be collected and searched or reviewed to respond to requests for production served in this matter, including custodial data sources (e.g., email accounts, mobile device messages/chats/texts, materials maintained in social media accounts, etc.) and non-custodial data sources (e.g., claim

1  files).  The parties also recognize that a variety of search tools and methodologies can be used to
2  identify materials responsive to requests for production.  This includes, but is not limited to, the
3  use of search terms, filters, and technology assisted review ("TAR") tools.  Nothing in this
4  Protocol prevents the Parties from reasonably using such tools and methodologies.  However, the
5  parties agree to meet-and-confer regarding these topics and to work in good faith to reach
6  agreement on search parameters (e.g., keyword filters and date restrictions) to be used to cull
7  documents for further review.

**Load File(s)**

9  14.    All ESI shall be produced along with an Opticon Load File (or, if Opticon cannot
10  be used, an IPRO or Summation DII Load File) indicating Bates numbers and document breaks as
11  applicable.  Metadata shall be produced in Concordance DAT file format (or, if DAT format
12  cannot be used, DII format, summary text file for Summation, or XML format).  Extracted full
13  text shall be provided in TXT file format at the document level.  Non-Windows based
14  applications and data shall be subject to the same production requirements to the extent
15  technically and legally feasible.

**Privilege:  Clawback, Non-Waiver and Privilege Log Requirements**

17  15.    Pursuant to Rule 502(d) of the Federal Rules of Evidence, no applicable privilege
18  or ground for withholding production is waived, in this or any future proceedings, by production
19  of documents or disclosure of information pursuant to this Protocol, and the Parties shall not have
20  to meet the requirements of Fed. R. Evid. 502(b)(1)-(3).  Upon demand by the producing Party,
21  the receiving Party shall sequester any paper and/or electronic copies of material claimed to be
22  privileged or protective ESI.  The receiving party may use those sequestered copies only to
23  challenge the privilege designation.  If the court determines privilege exists or if the receiving
24  Party chooses not to challenge the designation, then the receiving Party shall destroy any paper
25  copies and delete all electronic copies of the material and provide confirmation of that destruction
26  to the producing Party.  Documents withheld or redacted on the basis of any privilege or
27  protection shall be logged, and the log shall be made available within a reasonable time of the
28  document production.  To the extent that a categorical log is produced, the receiving party may, if

1  it has a good-faith basis, request a document-specific log for certain categories of documents. If a
2  request for a document-specific log is made by the receiving party, the parties shall thereafter
3  meet and confer in good faith regarding the request and, if they are unable to resolve any dispute,
4  the receiving party may raise the dispute with the Court. When a producing Party gives notice to
5  receiving Parties that produced material is subject to a claim of privilege or other protection, the
6  obligations of the receiving Parties are those set forth in Federal Rule of Civil Procedure
7  26(b)(5)(B).

**Duplicates**

8      16.    To avoid the production of more than one copy of a particular unique item, the
9  Parties shall use industry standard MD5 hash values within (1) all emails identified for
10 production, and (2) all loose electronic files identified for production. The Parties will not de-
11 duplicate attachments to emails against loose electronic files.

12     17.    The Parties may dedupe globally (i.e., across all custodians). This will result in
13 the Producing Party needing to produce only a single copy of responsive Duplicate ESI. The
14 parties shall de-duplicate stand-alone documents against stand-alone documents and shall de-
15 duplicate top-level email documents against top-level email documents. De-duplication of email
16 shall occur on a message unit basis and shall not break apart families. This means that an email
17 and its attachments will only be treated as a duplicate of another email message and its
18 attachments if the email messages and all attachments are exact duplicates as determined by MD-
19 5 hash values.

20     18.    Email threads are email communications that contain prior or lesser-included
21 email communications that also may exist separately in the Party's electronic files. A most
22 inclusive email thread is one that contains all of the prior or lesser-included emails, including
23 attachments, for that branch of the email thread. The Parties agree that removal of wholly
24 included, prior-in-time, or lesser-included versions from potential production will reduce all
25 Parties' costs of document review, production, and litigation-support hosting. For the avoidance
26 of doubt, only email messages for which the parent document and all attachments are contained in
27 the more inclusive email message will be considered less inclusive email messages that need not

be produced; if the later message contains different text (such as where the later message adds in-line comments to the body of the earlier message), or does not include an attachment that was part of the earlier message, the earlier message must be produced. To the extent that an e-mail thread contains privileged communications, such communications can be redacted.

**Production Media**

19.  Documents shall be produced on external hard drives or readily accessible computer or electronic media, e.g., CDs, DVDs, or flash or thumb drives ("Production Media"), or by secured file transfer websites (e.g. Kiteworks). File transfer protocols may also be used upon agreement of the Parties. All Production Media should have the following five directories: (1) IMAGES for the images; (2) DATA for the .dat and .opt files; (3) TEXT for the extracted text/OCR files; (4) NATIVES for any native Excel files or Exception Documents; and (5) Load Files. The Production Media shall identify: (a) the producing Party's name; (b) the production date; and (c) the Bates-number range of the materials contained on the Production Media.

**Color**

20.  Where the original of a produced document is in color, and color is material to the interpretation of the document, the receiving party may request that the document be produced in color (whether electronic or paper). Otherwise, production will be in 300 dpi resolution, single-page black and white CCITT Group IV Tagged Image File Format.

**Inaccessible Data**

21.  The Parties need not collect documents stored on disaster recovery backup tapes unless a showing of specific need is made and, if necessary, ordered by this Court.

**Additional Terms**

22.  The Parties agree that if ESI is sought from third parties through formal discovery, to the extent possible, the Parties will attempt to use a protocol similar to this Protocol for such discovery with the consent of the third party or by court order.

23.  Nothing herein shall waive or otherwise prejudice the Parties' respective rights to object to items produced pursuant to this Protocol on grounds provided by the Federal Rules of Evidence, the Federal Rules of Civil Procedure or other controlling law. Each Party reserves the

right to contest and object to the other side's requested search terms based upon burdensomeness, cost, any applicable privilege, or any other applicable protection from disclosure.

Dated: February 8, 2024

**O'MELVENY & MYERS LLP**
RICHARD B. GOETZ
ZOHEB P. NOORANI
ANDREW M. LEVINE
JESSICA A. SNYDER


By: /s/ Richard B. Goetz
    Richard B. Goetz


Attorneys for Defendant
FEDERAL INSURANCE COMPANY


Dated: February 8, 2024

**COZEN O'CONNER**
JEROME PHILLIP DOCTORS
JULIE VAN WERT


By: /s/ Jerome Phillip Doctors
    Jerome Phillip Doctors


Attorneys for Defendants
CHUBB GROUP HOLDINGS INC. and
CHUBB INA HOLDINGS INC.

*In joining this submission, Chubb Group Holdings Inc. and Chubb INA Holdings Inc. do not waive personal jurisdiction*

| | |
|---|---|
| Dated: February 8, 2024 | **GISKAN SOLOTAROFF ANDERSON & STEWART LLP**<br>OREN S. GISKAN<br>CATHERINE E. ANDERSON<br><br>By: /s/ Oren S. Giskan<br>      Oren S. Giskan<br><br>Attorneys for Plaintiff GILBERT PURCELL |

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: _____          By:_____

United States Magistrate Judge

# APPENDIX A TO ESI PROTOCOL

| Required Metadata Fields (If Available) | |
|---|---|
| **Field Name** | **Description** |
| BCC | Members of the BCC list in an email. |
| CC | Members of the CC list in an email. |
| BegDoc | The BeginBates value of the document. |
| EndDoc | The EndingBates value of the document. |
| BegAttach | The BeginBates value of the parent document in a document family. |
| EndAttach | The EndBates value of the last attachment in a document family. |
| Confidentiality | The level of confidentiality assigned to the document. |
| Custodian | Custodian of the file or archive from which the file was obtained. |
| Date Created | File system Date Created value. |
| Date Last Modified | File system Date Last Modified value. |
| Date Last Printed | File system Date Last Printed value. |
| Doc Author | Value of the Author field from the Properties of the original file. |
| Doc Subject | Value of the Subject field from the Properties of the original file. |
| Doc Title | Title of the document or attachment from the Properties field of the original electronic file. |
| Email_Subject | The Subject line of an email. |
| FileExt | The extension of the filename, e.g. .docx. |
| File Name | File system name of an electronic file as it appears on disk in its original location. |
| From | Sender of an email. |
| Has Redactions | If the documents contains redactions. |

| | |
|---|---|
| MD5 Hash | Unique digital signature of a file obtained using the MD5 hashing algorithm used to deduplicate the data. |
| Received Date | Date an email was received. |
| Received Time | Time an email was received. |
| Sent Date | Date an email was sent. |
| Sent Time | Time an email was sent. |
| To | Members of the To list in an email. |

## ATTESTATION PER LOCAL RULE 5-1(i)(3)

The e-filing attorney hereby attests that concurrence in the filing of the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e-filed document.

Dated: February 8, 2024                    O'MELVENY & MYERS


                                           By: /s/ Richard B. Goetz
                                           Attorney for Defendant Federal Insurance Company