UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT PURCELL,<br><br>         Plaintiff,<br><br>   v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>         Defendant. | Case No. 3:23-cv-04927-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiff Gilbert Purcell on behalf of himself and putative national and California classes, has sued defendants Federal Insurance Company (Federal), Chubb Group Holdings, and Chubb INA Holdings, over homeowners insurance premiums. The case was originally filed in the District of New Jersey, Dkt. No. 1, and transferred to this District pursuant to 28 U.S.C. § 1404. Dkt. No. 48. The parties jointly stipulated to dismissal without prejudice of the Chubb defendants. Dkt. No. 129. Federal remains as the sole defendant.

The Court dismissed the claims of unjust enrichment and violation of the New Jersey Consumer Fraud Act (NJCFA) in the prior complaint, and denied dismissal of the breach of contract and California Unfair Competition Law (UCL) claims. Dkt. No. 101. Purcell filed a second amended complaint (SAC). Dkt. No. 109. Federal asks to dismiss Purcell's amended NJCFA and unjust enrichment claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 116. Purcell did not oppose dismissal of the unjust enrichment claim. Dkt. No. 124 at 14.

The NJCFA claim is dismissed with prejudice. In the prior order, the Court dismissed the NJCFA claim because the "only substantive allegation connecting the case to New Jersey is that defendants have their principal places of business there. This is not enough, even without a full choice-of-law analysis, to maintain a New Jersey state law claim." Dkt. No. 101 (citing *Maniscalco v. Brother Intern. (USA) Corp.*, 709 F.3d 202, 208-09 (3d Cir. 2013) ("mere act" of headquarters in New Jersey or emanation of unlawful conduct not enough to apply New Jersey

1  law); *Van Mourik v. Big Heart Pet Brands, Inc.*, No. 3:17-cv-03889-JD, 2018 WL 1116715, at *1
2  (N.D. Cal. Mar. 1, 2018)).  The SAC did not add facts that might warrant a different outcome.
3  The only arguably new allegations in the SAC are that Federal mailed a renewal notice from New
4  Jersey and that Federal's sales and marketing operations are in New Jersey, *see* Dkt. No. 109
5  ¶¶ 38-39, which simply double down on the infirmity of alleging that Federal does business in
6  New Jersey.
7        This is enough to dismiss the NJCFA claim.  Mainly for completeness, it bears noting that
8  a choice-of-law analysis also forecloses the NJCFA claim.  The parties agree that the NJCFA and
9  California UCL conflict with each other, and so a choice-of-law analysis must determine which
10 law applies.  *See* Dkt. No. 116 at 9 (Federal); Dkt. No. 124 at 7 (Purcell).  Because this action was
11 originally filed in the District of New Jersey and transferred under 28 U.S.C. § 1404, New Jersey
12 choice-of-law rules apply.  *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Tex.*, 571
13 U.S. 49, 65 (2013); *see also Sarver v. Chartier*, 813 F.3d 891, 897 (9th Cir. 2016) (applying
14 choice-of-law rules of the transferor court).
15       As the Ninth Circuit has determined, the New Jersey Supreme Court applies the
16 Restatement (Second) of Conflict of Laws (Second Restatement).  *Sarver,* 813 at 897 (citing *P.V.*
17 *ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132 (2008)).  Section 148 of the Second Restatement, which
18 applies to actions for false representations, sets forth factors to be considered for the choice-of-law
19 analysis.  Second Restatement § 148(2).  When the plaintiffs' reliance took place "in whole or in
20 part in a state other than that where the false representations were made, the forum will consider"
21 the following factors:
22     (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
23     (b) the place where the plaintiff received the representations,
    (c) the place where the defendant made the representations,
24     (d) the domicile, residence, nationality, place of incorporation and place of business of the parties,
25     (e) the place where a tangible thing which is the subject of the transaction between
26         the parties was situated at the time, and
    (f) the place where the plaintiff is to render performance under a contract which he
27         has been induced to enter by the false representations of the defendant.
28 *Id.*; *see also Maniscalco*, 709 F.3d at 208-09 (3d Cir. 2013).

United States District Court
Northern District of California

Nearly all of the Section 148(2) factors weigh in favor here of applying California law. Although Federal is headquartered in New Jersey, Dkt. No. 109 ¶ 10, Purcell is a citizen of California, *id.* ¶ 7, so these two factors neatly counterbalance each other. Although Federal made the representations in New Jersey, Purcell received the representations, acted upon them, and is to render performance upon the contract, in California. *Id.* ¶¶ 7, 18, 25. Even assuming, as Purcell alleges, that the "tangible thing" at issue is not Purcell's house in Sausalito, California, but rather the "pooled insurance funds covering Mr. Purcell's property," *id.* ¶ 43, the physical location of those funds is unknown, and, in any case, does not overcome California's significant relationship to the claims at issue.

As noted, the fact that a defendant is headquartered in New Jersey or that wrongful conduct "emanated from New Jersey" "does not warrant applying New Jersey law." *Maniscalco*, 709 F.3d at 209 (internal quotations omitted). California, the state where Purcell "received and relied on" Federals' representations, has the "most significant relationship to [Purcell's] consumer fraud claim." *Id.* (internal quotations omitted). The NJCFA claim is dismissed with prejudice, as is the unjust enrichment claim by agreement of the parties.

**IT IS SO ORDERED.**

Dated: July 11, 2024

JAMES DONATO
United States District Judge